U.S. COURTS

FEE PAID
10936

John J. Burke, ISB #4619
E-Mail:  jjb@hallfarley.com
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho  83701
Telephone:  (208) 395-8500
Facsimile:  (208) 395-8585
W:\2\2-999.1\removal-ntc.wpd

Attorneys for Defendant Bayer Corporation

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| WANDA F. THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>BAYER AG, a Foreign Corporation,<br>BAYER CORPORATION, a wholly<br>owned subsidiary of BAYER AG,<br>BAYER PHARMACEUTICAL DIVISION,<br>a division of BAYER CORPORATION,<br>GLAXOSMITHKLINE PLC, individually<br>and as successor in interest to<br>SMITHKLINE BEECHAM PLC and<br>SMITHKLINE BEECHAM<br>CORPORATION,<br><br>Defendants. | Case No. CIV 02-0031-N-EJL<br><br>**NOTICE OF REMOVAL** |

ORIGINAL

COMES NOW defendant Bayer Corporation ("Bayer"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1446, and gives notice, with full reservation of all defenses, that this cause is hereby removed from the District Court of the Second Judicial District of the State of Idaho, in and for the County of Nez Perce, to the United States District Court for the District of Idaho. As and for its Notice of Removal, Bayer shows unto the Court as follows:

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. *See* 28 U.S.C. §§ 1441(b), 1446(b).

2.      Plaintiff Wanda F. Thompson ("plaintiff") instituted this civil action in the District Court of the Second Judicial District of Idaho, in and for the County of Nez Perce, on December 14, 2001, against the defendants, said case number being CV01-02257 in said court. Plaintiff alleges that she suffered injuries as the result of the ingestion of Baycol®. Plaintiff served Bayer by mail on December 26, 2001. Less than thirty days have passed since service of the original Summons and Complaint upon Bayer. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b).

3.      Pursuant to 28 U.S.C. § 1446(d), Bayer is filing a written Notice of Removal of Case From State Court to United States District Court with the Clerk of the District Court of the Second Judicial District of Idaho, in and for the County of Nez Perce (attached hereto as Exhibit A).

4.      Pursuant to D. Id. L. Civ. R. 81.1, Bayer files herewith a true and correct copy of the Register of Actions sheet for plaintiff's case in the Second Judicial District of Idaho, in and for the County of Nez Perce (attached hereto as Exhibit B). No other pleadings or documents have been filed in this action, but for those listed on the Register of Actions. Further, pursuant to D. Id. L. Civ. R. 81.1, Bayer files herewith the state court record for this case, entitled State Court Record in Support of Notice of Removal (attached hereto as Exhibit C).

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## I.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PLAINTIFF AND THE PROPER DEFENDANTS.

6.      Upon information and belief, plaintiff is, and was at the institution of this civil action, and at all times intervening, a citizen and resident of the State of Idaho.  *See* Complaint at ¶ 1.

7.      Bayer AG is, and was at the time of the institution of this civil action, a foreign corporation, organized and existing under and by virtue of the laws of Germany, having its principal place of business in Germany.  As a result, Bayer AG is not now, and was not at the time of the filing of the Complaint, a citizen and resident of the State of Idaho within the meaning of the Acts of Congress relating to the removal of causes.

8.      Bayer is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Indiana, having its principal place of business in the Commonwealth of Pennsylvania.  As a result, Bayer is not now, and was not at the time of the filing of the Complaint, a citizen and resident of the State of Idaho within the meaning of the Acts of Congress relating to the removal of causes.

9.      Bayer Pharmaceutical is an unincorporated division of Bayer Corporation which is not subject to suit or separate service.

10.     GlaxoSmithKline plc is, and was at the time of the institution of this civil action, a British corporation that is alleged to have a principal place of business in North Carolina.  As a result, GlaxoSmithKline plc is not now, and was not at the time of the filing of the Complaint, a citizen and resident of the State of Idaho within the meaning of the Acts of Congress relating to the removal of causes.

11. As reflected on the Register of Actions sheet (Exhibit B), plaintiff has filed an Amended Complaint in this action substituting SmithKline Beecham Corporation d/b/a GlaxoSmithKline, a Pennsylvania Corporation with its principal place of business in Pennsylvania, as a defendant in place of GlaxoSmithKline plc. SmithKline Beecham Corporation d/b/a GlaxoSmithKline is not, and has not been, a citizen and resident of the State of Idaho within the meaning of the Acts of Congress relating to the removal of causes.

## II. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

12. Plaintiff alleges that as a result of taking the drug, she "became ill and was hospitalized on or about June 7, 2001." Complaint at ¶ 18. Plaintiff also alleges she "suffered injuries including but not limited to near kidney and liver failure and developing rhabdomyolysis." *Id.* In an attempt merely to gain jurisdiction in the district court rather than the magistrate's division, plaintiff then alleges she "has suffered special and general damages in excess of $10,000.00 in an amount to be proven at trial."[1] *Id.* at ¶ 73.

13. Idaho law precludes a plaintiff from alleging any specific amount of damages in a complaint. *See* IDAHO CODE § 5-335 (2002). Since plaintiff does not allege a specific amount of damages, the amount in controversy requirement is satisfied if Bayer establishes "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *Sanchez* v. *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1986)).

---

[1]Id. R. Civ. P.82(c)(2)(A) limits the jurisdiction of an attorney magistrate to "[c]ivil actions regardless of the nature of the action, where the amount of damages or value of the property claimed does not exceed $10,000."

14.     In this case, plaintiff admits that she seeks more than $75,000.00 in damages.  On

January 24, 2002, Bayer received Plaintiff's Response to Defendant Bayer Corporation's First

Request for Admission.  In Response to Request for Admission No. 1, plaintiff admitted that the

amount of damages claimed by her in this matter exceed $75,000.00, excluding attorney fees and

costs.  *See* Affidavit of John J. Burke in Support of Notice of Removal, ¶ 2, filed herewith.

15.     Plaintiff's admission is further supported by the extensive damages alleged in the

Complaint.  Plaintiff seeks compensation for alleged damages "including but not limited to near

kidney and liver failure and developing rhabdomyolysis."  Complaint at ¶¶ 18, 37, 46, 53.  Plaintiff

further alleges she has "suffered mental anguish," *id.* at ¶¶ 37, 68, 73, and "physical injury."  *Id.* at

¶ 68.  As relief, plaintiff requests "special damages in an amount to be proven at trial," *id.* at ¶¶ 38,

46, 53, 64, 68, 73, "general damages in excess of the jurisdictional limits in an amount to be proven

at trial," *id.* at ¶¶ 39, 46, 53, 64, 68, 73, and "equitable relief." *Id.* at ¶ 48.  Finally, plaintiff asserts

that she "is entitled to costs and reasonable attorney fees," *id.* at ¶ 27, p.13, and notifies defendants

she shall "add a prayer for punitive damages." *Id.* at p.13.

16.     In sum, plaintiff's admission of the amount in controversy, supported by the

allegations of damages in the Complaint, make clear that plaintiff alleges more than $75,000.00 in

damages.  Thus, the "amount in controversy" requirement of 28 U.S.C. § 1332(a) is satisfied.

**III.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.**

17.     All properly joined and served defendants consent to and join in this Notice of

Removal.  Unserved parties need not be joined until served.  *See Salverson* v. *Western States*

*Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984).  Nevertheless, GlaxoSmithKline plc,

which has not properly been served with process in this action, consents to removal.  *See*

GlaxoSmithKline plc Consent to Removal (attached hereto as Exhibit D).  Additionally, SmithKline

Beecham Corporation d/b/a GlaxoSmithKline, which is named as a defendant in plaintiff's Amended Complaint, but which, at the time of this filing, does not yet appear to have been served with said Amended Complaint, also consents to removal. *See* SmithKline Beecham Corporation d/b/a GlaxoSmithKline Consent to Removal (attached hereto as Exhibit E).

18.     As reflected in the Register of Actions sheet (Exhibit B) and the State Court Record in Support of Notice of Removal (Exhibit C), no return of service or acceptance of service has been filed in regard to defendant Bayer AG.

19.     Defendants have sought no similar relief.

20.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

If any question arises as to the propriety of the removal of this action, the removing defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Bayer, desiring to remove this case to the United States District Court for the District of Idaho, prays that the filing of this Notice of Removal with this Court and the filing of the Notice of Removal of Case From State Court to United States District Court, filed with the Clerk of the District Court of the Second Judicial District of Idaho, in and for the County of Nez Perce, shall effect the removal of said action to this Court.

DATED this 25th day of January, 2002.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.

By _____

John J. Burke - Of the Firm
Attorneys for Defendant Bayer Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _25_ day of January, 2002, I caused to be served a true copy of the foregoing NOTICE OF REMOVAL, by the method indicated below, and addressed to each of the following:

Charles A. Brown
Attorney at Law
324 Main Street
P.O. Box 1225
Lewiston, Idaho  83501

_✓_ U.S. Mail, Postage Prepaid
____ Hand Delivered
____ Overnight Mail
____ Telecopy

John J. Burke

John J. Burke, ISB # 4619
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701
Telephone: (208) 395-8500
Facsimile: (208) 395-8585
W:\2\2-999.1\removal-state.wpd

Attorneys for Defendant Bayer Corporation

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF NEZ PERCE

| | |
|---|---|
| WANDA F. THOMPSON, | Case No. CV01-02257 |
| Plaintiff, | |
| | **NOTICE OF REMOVAL OF CASE** |
| vs. | **FROM STATE COURT TO UNITED** |
| | **STATES DISTRICT COURT** |
| BAYER AG, a Foreign Corporation, BAYER CORPORATION, a wholly owned subsidiary of BAYER AG, BAYER PHARMACEUTICAL DIVISION, a division of BAYER CORPORATION, GLAXOSMITHKLINE PLC, individually and as successor in interest to SMITHKLINE BEECHAM PLC and SMITHKLINE BEECHAM CORPORATION, | |
| Defendants. | |

COMES NOW defendant Bayer Corporation, by and through undersigned counsel, and

advises this Court that on the 25th day of January, 2002, the original Notice of Removal (a copy of

NOTICE OF REMOVAL OF CASE FROM STATE COURT TO UNITED STATES DISTRICT COURT- 1

**EXHIBIT A**

which is attached hereto) was filed, pursuant to 28 U.S.C. § 1446, in the United States District Court

for the District of Idaho for the purpose of removing this case thereto.

DATED this 25 day of January, 2002.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.

By_____
John J. Burke, Of the Firm
Attorneys for Defendant Bayer Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25 day of January, 2002, I caused to be served a true copy of the foregoing NOTICE OF REMOVAL OF CASE FROM STATE COURT TO UNITED STATES DISTRICT COURT, by the method indicated below, and addressed to each of the following:

Charles A. Brown
Attorney at Law
324 Main Street
P.O. Box 1225
Lewiston, Idaho 83501

_____ U.S. Mail, Postage Prepaid
_____ Hand Delivered
_____ Overnight Mail
_____ Telecopy

_____
John J. Burke

```
 D35                          REGISTER OF ACTIONS   INQUIRY              Cmd1 Menu
 Case: CV 01 02257                                                       Help
         THOMPSON vs BAYER AG INC, etal
     Date    Jdg Code ------------------ Entry ------------------ User ID Class
12 14 2001 133 NEWC NEW CASE FILED                                 PAM        Y
12 14 2001 133 A1   CIVIL COMPLAINT, MORE THAN $1000,              PAM
12 14 2001 133      NO PRIOR APPEARANCE                            PAM
12 14 2001 133 COMP COMPLAINT FILED                                PAM
12 14 2001 133 FSUM SUMMONS FILED                                  PAM
12 14 2001 133 AFFD AFFIDAVIT FOR OUT OF STATE SERVICE             PAM
12 14 2001 133 ORDR ORDER FOR OUT OF STATE SERVICE                 PAM
01 03 2002 133 AFSV AFFIDAVIT OF SERVICE--CT CORPORATION SERVED:   PAM
01 03 2002 133 AFSV    12-26-01                                    PAM
01 14 2002 133 NOAP NOTICE OF APPEARANCE--DEF BAYER CORP ONLY      PAM
01 14 2002 133 I1A  CIVIL ANSWER OR APPEARANCE, MORE THAN $1000,   PAM        Y
01 14 2002 133      NO PRIOR APPEARANCE--JOHN J. BURKE             PAM
01 14 2002 133 NOTD NOTICE OF SERVICE-DEFENDANT                    PAM
01 18 2002 133 AFSV AFFIDAVIT OF SERVICE-SERVED:GLAXO SMITHKLINE   PAM
01 18 2002 133 AFSV    SERVED: 1-2-02                              PAM


MODE IS INQUIRY, ENTER CASE# OR USE CMD KEYS BELOW
    Cmd2 Update     Cmd9  Case           Cmd16 Scheduling       Cmd24 Delete
    Cmd3 Add        CMD13 Last Screen    Cmd17 Hearing Results  ROLL Page
```

**EXHIBIT B**

```
D35                        REGISTER OF ACTIONS   INQUIRY                    Cmd1 Menu
Case: CV 01 02257                                                          Help
        THOMPSON vs BAYER AG INC, etal
    Date    Jdg Code ------------------- Entry -------------------- User ID Class
01 23 2002 133 NOTP NOTICE OF SERVICE-PLAINTIFF                            PAM
01 23 2002 133 AMCO AMENDED COMPLAINT FILED                               PAM
01 23 2002 133 FSUM AMENDED SUMMONS FILED                                 PAM
```

```
MODE IS INQUIRY, ENTER CASE# OF USE CMD KEYS BELOW
    Cmd2 Update    Cmd9  Case           Cmd16 Scheduling        Cmd24 Delete
    Cmd3 Add       CMD13 Last Screen     Cmd17 Hearing Results  ROLL Page
```

John J. Burke, ISB #4619
E-Mail: jjb@hallfarley.com
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701
Telephone: (208) 395-8500
Facsimile: (208) 395-8585
W:\202-999.1\removal-record.wpd

Attorneys for Defendant Bayer Corporation


## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF IDAHO

|  |  |
|---|---|
| WANDA F. THOMPSON, | Case No. _____ |
| Plaintiff, | |
| vs. | **STATE COURT RECORD IN SUPPORT OF NOTICE OF REMOVAL** |
| BAYER AG, a Foreign Corporation, BAYER CORPORATION, a wholly owned subsidiary of BAYER AG, BAYER PHARMACEUTICAL DIVISION, a division of BAYER CORPORATION, GLAXOSMITHKLINE PLC, individually and as successor in interest to SMITHKLINE BEECHAM PLC and SMITHKLINE BEECHAM CORPORATION, | |
| Defendants. | |


EXHIBIT C

COMES NOW defendant Bayer Corporation, by and through undersigned counsel, and

respectfully files this State Court Record in Support of Notice of Removal.

Attached hereto is a complete copy of all pleadings and papers on file in the state court action

between the parties.

DATED this 25 day of January, 2002.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.

By_____

John J. Burke - Of the Firm
Attorneys for Defendant Bayer Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25 day of January, 2002, I caused to be served a true
copy of the foregoing STATE COURT RECORD IN SUPPORT OF NOTICE OF REMOVAL, by
the method indicated below, and addressed to each of the following:

Charles A. Brown
Attorney at Law
324 Main Street
P.O. Box 1225
Lewiston, Idaho 83501

_____ U.S. Mail, Postage Prepaid
_____ Hand Delivered
_____ Overnight Mail
_____ Telecopy

_____
John J. Burke

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

WANDA F. THOMPSON         )
         )
    Plaintiff,        )
         )
v.         )     CASE NO. _____
         )
BAYER AG, et al.,         )
         )
    Defendants.        )
_____)

### CONSENT TO REMOVAL

Upon information and belief, the defendant, GlaxoSmithKline plc, has not been served

with process in this matter. With full reservation of any and all defenses, objections, exceptions,

and without waiving service, defendant GlaxoSmithKline plc, through undersigned counsel,

hereby consents to the Notice of Removal filed by defendant Bayer Corporation.

Respectfully submitted,

DATED:   January 25, 2002

Norbert F. Bergholtz
Lawrence M. Reich
DECHERT PRICE & RHOADS
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

752097.1.50

EXHIBIT D

## UNITED STATES DISTRICT COURT
### DISTRICT OF IDAHO

WANDA F. THOMPSON )
)
    Plaintiff, )
)
v. )    CASE NO. _____
)
BAYER AG, et al., )
)
    Defendants. )
)

### CONSENT TO REMOVAL

SmithKline Beecham Corporation d/b/a GlaxoSmithKline, a Pennsylvania corporation with its principal place of business in Pennsylvania, has not been served with process in this matter. With full reservation of any and all defenses, objections, exceptions, and without waiving service, SmithKline Beecham Corporation d/b/a GlaxoSmithKline, through undersigned counsel, hereby consents to the Notice of Removal filed by defendant Bayer Corporation.

Respectfully submitted,

DATED:    January 25, 2002

Norbert F. Bergholtz
Lawrence M. Reich
DECHERT PRICE & RHOADS
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

752157.1.50

EXHIBIT E